**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| HANESBRANDS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV490 |
| | ) | |
| LOUIS VAN STEVENSON and | ) | |
| NICHE SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to the parties'
Joint Motion for Entry of Joint Stipulation and Protective Order
(Docket Entry 22).  For the reasons that follow, the Court will not
grant said motion at this time, but instead will permit the parties
to submit an "Amended Joint Stipulation and Protective Order" that
addresses the matters discussed herein or to brief the reasons why
the existing proposal complies with controlling authority.

### Background

Plaintiff brought this action seeking declaratory relief for
claims under the United States Copyright Act of 1976, 17 U.S.C. §§
101 et seq.  (Docket Entry 1.)  In support of those claims,
Plaintiff alleged that it owns rights to various software programs
that Defendants were involved in developing, but that Defendants
have sought to limit Plaintiff's exercise of its rights.  (Id. at
3-9.) Defendants have filed an Answer and Counterclaims seeking a
declaratory judgment affirming their claim of ownership as to the
software programs and adjudging Plaintiff to have engaged in
copyright infringement, as well as trade secret misappropriation.

(Docket Entry 7.)  Plaintiff has lodged a denial to Defendants'
Counterclaims.  (Docket Entry 8.)

As justification for the entry of the proposed Joint
Stipulation and Protective Order (Docket Entry 20), the parties
state that "this action may involve the production of confidential,
sensitive or proprietary business information (collectively
referred to as 'Confidential Information') . . . ." (Docket Entry
20 at 1.)  According to the parties' proposal, "[a]ny portion of a
deposition transcript, <u>hearing or trial transcript</u>, pleading or
other document into which Confidential Information is placed or
quoted shall also be considered Confidential Information."  (<u>Id.</u>
(emphasis added).)  They further categorize and define the
"Confidential Information" that each side may designate as follows:

> "CONFIDENTIAL" means non-public testimony,
> information, documents, and data which constitute
> confidential business or technical information.

> "CONFIDENTIAL – ATTORNEY'S EYES ONLY" means non-
> public testimony, information, documents, and data which
> constitute confidential business or technical information
> which is reasonably considered by a party to be highly
> sensitive because at the time the documents or
> information are produced they contain competitive
> business information such as customer lists, trade
> secrets, product design information, marketing or sales
> information or cost, price, profitability or other
> similar financial information.

> In addition to the above, the Parties agree that the
> source code for the software at issue shall be designated
> as "RESTRICTED CONFIDENTIAL," and its distribution will
> be limited as set forth herein.

(<u>Id.</u> at 2.)

-2-

In addition to setting conditions on the circumstances under and manner by which they might use confidentially-designated materials (<u>id.</u> at 3-5), the parties proposed the following:

<u>**INFORMATION FILED UNDER SEAL**</u>

Any court filings containing information designated as Confidential Information may be filed with the Court upon motion to file documents under seal according to the Court's procedures for filing documents electronically under seal as set forth in the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court Middle District of North Carolina as amended from time to time. Counsel will be required to serve all sealed electronic filings in a conventional or agreed-upon manner on opposing counsel, such as U.S. Mail or through e-mail.

(<u>Id.</u> at 9.)

<u>Discussion</u>

Under the Federal Rules of Civil Procedure ("the Rules"), "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u> Such "[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 34 (1984).

"The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach." <u>Id.</u> at 30. "Nor do they apply only to parties to the litigation,

-3-

as relevant information in the hands of third parties may be subject to discovery." Id. at 35. "Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties." Id. at 30. See also id. at 35 (noting that discovery "may seriously implicate privacy interests of litigants and third parties . . . [because] [t]he Rules do not distinguish between public and private information").

"Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)." Id. Said provision states in relevant part that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>     . . . .
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>     . . . .
>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c).[1]

_____

[1] "Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in
(continued...)

As noted above, the discovery process is intrusive; "[i]t is not surprising, therefore, that issuance of protective orders in civil litigation has become almost routine." In re Grand Jury Subpoena, 836 F.2d 1468, 1477 (4th Cir. 1988).[2] Often, as in this case, rather than seeking protective orders each time the need arises, "parties agree[] to a 'blanket' protective order that permit[s] them to designate documents containing confidential business information." Longman v. Food Lion, Inc., 186 F.R.D. 331, 333 (M.D.N.C. 1999). See also Factory Mut. Ins. Co. v. Insteel Indus., Inc., 212 F.R.D. 301, 303-04 (M.D.N.C. 2002) (describing "'blanket' protective order [as one that] 'permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information'" (quoting Bayer AG and Miles, Inc. v. Barr Labs., Inc., 162 F.R.D. 456, 463-64 (S.D.N.Y. 1995)); Parkway Gallery Furniture, Inc. v. Kittinger/ Pennsylvania House Group, Inc., 121 F.R.D. 264, 267-68 (M.D.N.C. 1988) (noting that "[b]lanket or umbrella protective orders are becoming increasingly common as large scale litigation involves more massive document exchanges").

---

[1](...continued)
the broad purpose and language of the Rule." Seattle Times, 467 U.S. at 35 n.21.

[2] The United States Court of Appeals for the Fourth Circuit has found no fault with this development, but instead has recognized that protective orders "aid the civil courts in facilitating resolution of private disputes." In re Grand Jury Subpoena, 836 F.2d 1468, 1472 (4th Cir. 1988). See also In re Krynicki, 983 F.2d 74, 75 (7th Cir. 1992) ("Protective orders entered during discovery in civil cases . . . promote[] disclosure: parties having arguable grounds to resist discovery are more likely to turn over their information if they know that the audience is limited . . . .").

Courts regularly enter such orders either "without a showing of good cause, [in which case] the party who later seeks to keep information confidential will bear the burden of showing good cause," or "based on a general 'good cause' determination." Longman, 186 F.R.D. at 333. See also Parkway Gallery, 121 F.R.D. at 268 (observing that "showing of good cause to believe that discovery will involve confidential or protected information . . . may be done on a generalized as opposed to a document-by-document basis"). This Court, per now-Chief Judge James A. Beaty, Jr., has found that, in some cases, such as ones "involv[ing] hundreds of documents containing confidential business information that Defendants feared could be used by Defendants' competitors to gain a business advantage," an agreed-upon, blanket protective order "arrangement [i]s essential to the efficient functioning of the discovery process . . . ." Longman, 186 F.R.D. at 333.

Given the foregoing authority, the Court concludes that blanket protective orders constitute an appropriate means for dealing with privacy and related concerns. The Court further finds that the parties' representations in their Joint Stipulation and Protective Order, viewed in light of the underlying allegations in the Complaint and Answer, provide a generalized showing of good cause warranting entry of such an order in this case. In particular, the Court notes that this case involves commercially-sensitive information. This subject area implicates interests of the sort Rule 26(c) exists to protect.

The Court, however, notes several areas of concern raised by some components of the proposed Joint Stipulation and Protective Order. First, said document makes no reference to Rule 26(c) or any other provision of law as authority for the Court to act. Second, the definition of "Confidential Information" adopted by the parties does not appear to limit the parties' freedom to designate material as confidential in any substantial fashion. The Court finds that the parties could address both these concerns by incorporating language into the proposal indicating that the parties rely on Rule 26(c) and will limit confidentiality designations to those matters that they believe in good faith fall within the coverage of Rule 26(c).

The Court further notes that, although the parties' proposal provides that materials should not be submitted to the Court under seal except upon motion, it also declares that "[a]ny portion of a . . . hearing or trial transcript into which Confidential Information is placed or quoted shall also be considered Confidential Information." (Docket Entry 20 at 1.) The proposed Joint Stipulation and Protective Order provides no authority to support the notion that dissemination of records of matters occurring in a court hearing or trial can be restricted absent court order made after proper public notice and with necessary findings.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." <u>Landmark Communications, Inc. v. Virginia</u>, 435 U.S. 829, 839 (1978). As a

-7-

result, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978). <u>See</u> <u>also</u> <u>Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.</u>, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case. It is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case."); <u>In re Krynicki</u>, 983 F.2d 74, 75 (7th Cir. 1992) ("Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification.").[3]

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." <u>Virginia Dept. of State Police v. The Washington Post</u>, 386 F.3d 567, 575 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." <u>Stone v. University of Md. Med. Sys. Corp.</u>, 855 F.2d 178, 180 (4th

---

[3] The right of access to court records flows from the right of access to in-court proceedings; it applies in both civil and criminal cases. <u>See</u> <u>Rushford v. The New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 & n.4 (4th Cir. 1988).

-8-

Case 1:09-cv-00490-WO-LPA   Document 24   Filed 03/29/10   Page 8 of 11

Cir. 1988) (internal citation omitted).  "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment."  Virginia Dept. of State Police, 386 F.3d at 575 (internal citations and quotation marks omitted).  As a result, "different levels of protection may attach to the various records and documents involved in [a] case."  Stone, 855 F.2d at 180.

In light of this legal framework, "[w]hen presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements.  As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake."  Virginia Dept. of State Police, 386 F.3d at 576 (internal citations and quotation marks omitted).  Procedurally:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.  Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

Id. (internal citation omitted).

## Conclusion

Under these circumstances, the Court will not enter the proposed "Joint Stipulation and Protective Order" as currently drafted. Instead, the Court will afford the parties an opportunity:

1) to submit an "Amended Joint Stipulation and Protective Order" addressing the concerns outlined herein; or

2) to file a motion for reconsideration and supporting brief setting out argument and/or authority showing that the existing proposal complies with controlling precedent.

If they choose the former option, the parties may proceed in one of two ways:

1) the parties: A) may add language into the proposal that indicates that they seek relief pursuant to Rule 26(c) and that they will limit confidentiality designations to those matters that they believe in good faith fall within the coverage of Rule 26(c); and B) may strike the references to "hearing or trial transcript" from page one of the proposal; or

2) the parties: A) may identify authority other than Rule 26(c) upon which the Court may act; B) may construct another suitable limitation on their discretion to designate materials as confidential; and C) if they wish to retain language prospectively authorizing restrictions on the disclosure of records of in-court testimony or evidence, the parties shall re-caption the proposal as "Joint Stipulation, Protective Order, and Prospective Sealing Order" and shall incorporate into said proposed order a statement

-10-

explaining the need for such sealing (including why other alternatives would not suffice) with references to applicable case law.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Entry of Joint Stipulation and Protective Order (Docket Entry 22) is DENIED.

**IT IS FURTHER ORDERED** that the parties may submit an "Amended Joint Stipulation and Protective Order" that addresses the matters discussed in this Memorandum Opinion and Order or, alternatively, may file a motion for reconsideration asking the Court to enter the "Joint Stipulation and Protective Order" as drafted, with a supporting brief that demonstrates the propriety of the original proposal.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 29, 2010

-11-